# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5646-18T4

K.J.B.,

    Plaintiff-Respondent,

v.

E.O.,

    Defendant-Appellant.

_____

              Submitted October 14, 2020 – Decided October 23, 2020

              Before Judges Fisher and Moynihan.

              On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Sussex County, Docket No. FV-19-0047-20.

              Damiano M. Fracasso, attorney for appellant.

              Respondent has not filed a brief.

PER CURIAM

In appealing a final restraining order (FRO) entered on behalf of plaintiff K.J.B. (Kim[1]), under the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35, defendant E.O. (Edward) argues, among other things, that the trial judge erred by: allowing Kim to present evidence about events he claims were neither pleaded nor alluded to in her complaint; finding the sending of nude photos of Kim to a third person can constitute a predicate act when the parties are, he alleges, "professional commercial pornographic movie actors"; failing to recognize that the publishing or conveying of nude photos is constitutionally protected and, thus, cannot support entry of an FRO; finding Edward engaged in "cyber harassment"; and finding that the weight of the evidence supported Kim's allegations or her claim of a need for protection in the future. We find all Edward's arguments to be of insufficient merit to warrant further discussion in a written opinion, R. 2:11-3(e)(1)(E), adding only the following brief comments.

We initially focus on Edward's assertion that the proofs were at odds with the pleadings. Edward relies on H.E.S. v. J.C.S., 175 N.J. 309, 321 (2003) (quoting McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 559 (1993)), where the Court held that due process in this setting requires that a party

---

[1] The names used in this opinion for the parties and witnesses are fictitious to protect the privacy of all.

A-5646-18T4

receive "notice defining the issues and an adequate opportunity to prepare and respond." But this does not mean the proofs must precisely mirror the pleadings. As the Court later recognized in J.D. v. M.D.F., 207 N.J. 458, 479 (2011), plaintiffs seeking relief under the Prevention of Domestic Violence Act "often file complaints that reveal limited information about the prior history between the parties, only to expand upon that history of prior disputes when appearing in open court" and that parties must understand that such skeletal allegations may be further enhanced beyond the pleadings as the trial judge "attempt[s] to elicit a fuller picture of the circumstances."

Despite Edward's forceful efforts in this appeal – he did not present such an objection at trial – we see only trivial variances between the complaint and the proofs. For example, Kim alleged in her complaint that after Edward kicked her out of their shared residence on July 8, 2019, he "sent numerous text messages to [her] [c]o[-]workers including nude photos of [her] from [his] phone." And, in alleging a prior history of domestic violence, Kim alleged that in the Winter of 2018, the parties had an argument, and Edward "pushed [her] causing [her] to fall and hit her head on a table causing a small cut to her forehead." As for the alleged predicate act, Edward seems to argue that the evidence largely focused on the claim that Edward sent nude photos of her to

her mother and to a friend, Karen, not a co-worker. He also appears to argue that the dates of the acts referred to in the testimony are inconsistent with the complaint's allegations.

These variations between the complaint and the testimony elicited from plaintiff and her witnesses are too insignificant to result in a due process violation. This is not a situation where a plaintiff alleged a physical assault on one day and at trial offered testimony only of harassing communications a month earlier. Whether plaintiff's complaint was off or less than explicit about the dates of the communications alleged would not have unfairly sandbagged defendant if, at the hearing, she testified that the same communications took place a day or two earlier or a day or two later; he would understand the thrust of the allegations despite the discrepancy. And here the crux of the complaint was that Edward sent nude photos of Kim to others as a form of harassment. Those communications formed the basis for her proofs at trial, and Edward never then asserted that he wasn't prepared to respond to Kim's testimony or the testimony of her mother and Karen about those events.

For the same reason, we reject Edward's argument that the alleged prior history of domestic violence alleged in the complaint was at variance from Kim's testimony. In the complaint she alleged Edward pushed her and she "hit her

4

head on a table" causing "a small cut" to her forehead; at the hearing, Kim testified Edward pushed her and she "hit [her] head on a wall" causing a "little bump" on her head. At trial, Edward did not assert this variance; he understood what event Kim was testifying about and he provided his counter argument that she had attacked him and fell on her own accord.

In short, as to all the alleged discrepancies between the complaint and the proofs, Edward never argued during the hearing that he was confused about what Kim was trying to prove, that the particular allegations had caught him by surprise, or that he needed a continuance to assemble other witnesses or evidence. To the extent there were any inconsistencies, they were of a minor or trivial degree and could not form the grounds for a legitimate claim of a due process violation.

Edward also argues that the conveyance of nude photos of Kim to her mother and friend did not constitute a predicate act because the facts are not sufficiently akin to McGowan v. O'Rourke, 391 N.J. Super. 502, 506 (App. Div. 2007), where we held that "[t]he act of mailing graphic pornographic pictures to a third-party and then implying that they may be sent to the victim's workplace and her son is egregious." Edward emphasizes the phrase "and then implying" found in the above quote from our McGowan opinion in arguing that the act of

conveying a nude photo is not enough, that the sender must also express or imply that the photos will be sent elsewhere as well. That is, Edward argues that "McGowan did not hold that the single act of sending 'pornographic pictures' to a [third-]party constitutes harassment or domestic violence as a matter of law," and that such a predicate act requires a threat of further conveyances. We find this argument to be wholly without merit. We did not hold that the threat was required, we only held that that is what the defendant was found to have done there. In many cases, the mere sending of a nude photo of the plaintiff to a third person will be enough to constitute an act of harassment; there is no requirement that the sender must also threaten the plaintiff that the photos will be sent to others as well.

Edward further argues that McGowan does not apply or that the act of sending nude photos cannot (or, here, did not) constitute an act of harassment – cyber or otherwise – because he claims that he and Kim are "professional pornographic movie actors and actresses." Without reaching that particular legal argument, we note that the trial judge never made the finding required to support such an argument. While Edward testified that he and Kim "do pornographic films together, and we . . . have sold those films together," the judge did not determine whether this was true. In fact, the judge generally found Edward's

testimony to lack credibility, suggesting she also did not find this factual assertion to be true. Without credible evidence to support Edward's position, we need not determine whether a plaintiff engaged in such a business can be harassed by the conveyance of nude photos to others.

We lastly reject Edward's argument that the FRO cannot be sustained because the nude photos themselves, he claims, are not obscene within the meaning of <u>Miller v. California</u>, 413 U.S. 15 (1973). That a photo might not be obscene does not mean its conveyance to another was not made with a purpose to harass the depicted person. We think, as did the trial judge, that in this setting, the acts alleged – which Edward admitted – could have had no other purpose but to harass Kim regardless of whether the photos were obscene.

As already mentioned, any other arguments not addressed in these brief comments are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5646-18T4